F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2003**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TAMMY FRANKLIN,

Defendant-Appellant.

No. 02-2299
(New Mexico)
(D. Ct. No. CR-01-1382 JC)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

Tammy Franklin appeals her conviction for trafficking crack cocaine. Franklin claims (1) she was denied due process because her attorney failed to call a material witness, and (2) the district court abused its discretion by failing to grant a continuance so she could obtain new counsel. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I. Background

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jennifer Wiskowski, an undercover officer with the Lea County Drug Task Force in Hobbs, New Mexico, was introduced to Franklin by Teresa Goree in December 2000. Wiskowski purchased crack cocaine from Franklin on five separate occasions between December 20, 2000, and January 17, 2001. Each sale took place in Franklin's home and was recorded by a transmitter worn by Wiskowski.[1]

On October 24, 2001, Franklin was charged with four counts of Distribution of Less Than Five Grams of a Mixture or Substance Containing Cocaine Base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On October 26, 2001, the district court appointed counsel (trial counsel) to represent her. Franklin pled not guilty to all counts.

After one continuance, granted at Franklin's request,[2] jury selection began on January 8, 2002. The trial resumed on January 15, 2002, but before witnesses were called and out of the presence of the jury, Franklin informed the court that she was dissatisfied with trial counsel's representation.[3] She said she had attempted to retain an attorney, Max Proctor, but trial counsel had refused to send

---

[1] In total, Wiskowski purchased thirty-one rocks of crack cocaine from Franklin.

[2] The trial was originally set for December 4, 2001.

[3] The Honorable John E. Conway conducted voir dire. The Honorable Bruce D. Black (trial judge) presided over the trial.

him discovery materials. She also stated she had not reviewed the material produced by the government or listened to any of the tapes derived from Wiskowski's transmitter. She further alleged Goree was available to testify on her behalf but trial counsel had told Goree not to appear at trial.

In response to Franklin's allegations trial counsel informed the court: 1) he heard from Proctor shortly after he received the government's discovery response; 2) after obtaining Franklin's consent, he discussed the case with Proctor for 20-30 minutes and upon Proctor's request he faxed the discovery materials to Proctor several times but never heard back; 3) he discussed the discovery materials with Franklin during her numerous visits to his office; 4) Franklin had not listened to the tapes, but he had described their content to her and she never requested to listen; and 5) he talked with Goree on two occasions and "[t]here [was no] doubt in [his] mind as an attorney that her testimony would not be favorable to the defense, and [that he did] not intend to call her as a witness." Finally, he stated he was fully prepared for trial and ready to proceed.

The trial judge ruled it was "too late" to switch lawyers, noting Franklin could have hired Proctor and she failed to raise her dissatisfaction with trial counsel to Judge Conway, who had presided over jury selection a week earlier. The judge further informed Franklin she could listen to the tapes and see the other discovery materials during the lunch recess. Additionally, he stated: "You

-3-

understand that your attorney is trying to do what he thinks in his professional judgment is best for you. That may not be consistent with what you think your friends will say. But if, after he's investigated, he's determined it would be bad for your case, then he has a professional responsibility not to call them to the stand." The judge then proceeded with the trial.

Franklin testified. She admitted acquiring crack cocaine for Wiskowski but attempted to excuse her behavior because Goree had told her Wiskowski's brother had been killed and, further, if Wiskowski was unable to acquire cocaine for her husband, he would beat her. She felt sorry for Wiskowski. In rebuttal, Wiskowski denied having induced or coerced Franklin in any way.

After a one-day trial, the jury found Franklin guilty of all four counts. On October 15, 2002, she was sentenced to seventy-eight months imprisonment on each count, all to run concurrently. This appeal followed.

## II. Discussion

*(A) Attorney's Failure to Call Witness*

Franklin claims Goree's testimony was critical to her entrapment defense and she was denied due process of law because her attorney failed to call Goree as a witness. This is an ineffective assistance of counsel claim.

"Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are

presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (citations omitted) (recognizing that this rule enables the record to be developed and allows the district court to render an opinion first, which is a "valuable aid to appellate review"). Only in rare instances, where the record is sufficiently developed for effective review, will an appellate court resolve an ineffective assistance of counsel claim not raised in the trial court. *United States v. Wynne*, 993 F.2d 760, 765-66 (10th Cir. 1993) (citation omitted). Even where the record is sufficiently developed, there is no requirement that an ineffective assistance of counsel claim be brought on direct appeal. *Galloway*, 56 F.3d at 1241. A failure to do so will not procedurally bar the claim in collateral proceedings. *Massaro v. United States*, _____ U.S. _____, 123 S. Ct. 1690, 1696, (2003); *Galloway*, 56 F.3d at 1241.

Franklin did not raise her ineffective assistance of counsel claim in the district court and the present record is inadequate for effective review. She can more appropriately raise this claim in a 28 U.S.C. § 2255 action, where the record can be sufficiently developed. Accordingly, we decline to address the ineffective assistance of counsel claim on direct appeal.

*(B) District Court's Failure to Grant Continuance*

Franklin contends the district court erred in failing to grant a continuance to allow her an opportunity to obtain new counsel, but she never specifically requested a continuance. If we assume a request was made, we review for an abuse of discretion. Otherwise, we review under the more demanding plain error test.[4] Under either standard, there was no error.

"[A] motion for continuance is addressed to the sound discretion of the trial court and, on appeal, a denial of such request is not grounds for reversal unless there is a clear abuse of discretion which results in manifest injustice." *United States v. McManaman*, 653 F.2d 458, 460 (10th Cir. 1981) (citations omitted); *see also Wynne*, 993 F.2d at 767 (holding that an appellate court will find error in the denial of a motion to continue "only if the denial was arbitrary or unreasonable and materially prejudiced the defendant") (citations and internal quotations omitted).

> Whether a denial of a motion for a continuance is arbitrary or unreasonable depends upon an examination of a number of factors, including: 1) the diligence of the party requesting the continuance; 2) the likelihood that the continuance, if granted, would accomplish the

---

[4] "Under this standard, reversal is warranted only when there is: (1) an error; (2) that is plain or obvious; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. James*, 257 F.3d 1173, 1182 (10th Cir. 2001) (citation omitted), *cert. denied sub nom. Davis v. United States*, 534 U.S. 1106 (2002).

purpose underlying the party's express need for the continuance; 3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] 4) the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).

Assuming (quite charitably) that Franklin made a proper request for a continuance, the district court did not abuse its discretion in denying it. Trial counsel was prepared for trial, the judge was assured by his statements that Goree's testimony would not be helpful to the defense and Franklin was offered an opportunity to review the discovery materials. The case had been continued once at Franklin's request and the timing of her second request, after the jury had been selected, militated against it. The district court's decision to proceed to trial despite Franklin's late blooming statement of dissatisfaction with appointed counsel was not error. Moreover, the evidence against Franklin, *inter alia*, her own admissions, suggests new counsel would not have changed the outcome.

### III. Conclusion

We decline to review Franklin's ineffective assistance of counsel claim on direct appeal and conclude the district court did not err in denying a second

-7-

continuance of trial. The Judgment and Sentence are **AFFIRMED**.

**Entered by the Court:**


**TERRENCE L. O'BRIEN**
United States Circuit Judge